UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS J. PEREZ,<br>    Plaintiff,<br> v.<br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>    Defendant. | NO. CV 15-6436-KS<br><br>MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

Plaintiff filed a Complaint on August 24, 2015, seeking review of the denial of his application for Supplemental Security Income ("SSI") benefits. On February 18, 2016, the parties filed a Joint Stipulation ("Joint Stip.") in which plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or remanding the matter for further administrative proceedings. (Joint Stip. at 14.) The Commissioner requests that the ALJ's decision be affirmed or, in the alternative, remanded for further proceedings. (*See id.* at 15-17.) On September 25 and 29, 2015, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11-12.) The Court has taken the matter under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On December 31, 2011, plaintiff, who was born on May 20, 1952,[1] protectively filed an application for SSI. (Administrative Record ("A.R.") 119-27.) Plaintiff alleged disability commencing May 1, 1995, due to diabetes, arthritis, high blood pressure, poor vision, body aches in the knees, pain in the left shoulder, and stress. (*Id.* 50-53, 137, 167.) Plaintiff has no past relevant work. (*Id.* 34, 58.) The Commissioner denied plaintiff's application. (*Id.* 66-77.) On September 13, 2012, plaintiff requested a hearing. (*Id.* 86.) On November 4, 2013, plaintiff, who was represented by counsel, testified before Administrative Law Judge David G. Marcus ("ALJ"). (*Id.* 48-57.) Dr. Hagen, a vocational expert ("VE"), also testified. (*Id.* 57-60.) On January 15, 2014, the ALJ issued an unfavorable decision, denying plaintiff's claims for SSI. (*Id.* 28-35.) On June 26, 2015, the Appeals Council denied plaintiff's request for review. (*Id.* 1-6.)

**SUMMARY OF ADMINISTRATIVE DECISION**

Applying the five-step sequential evaluation process for determining whether an individual is disabled, the ALJ found at step one that plaintiff had not engaged in substantial gainful activity from the application date of December 31, 2011. (A.R. 30.) At step two, the ALJ found that plaintiff had the severe impairments of: diabetes mellitus; hypertension; and calcific tendinitis of the left shoulder. (*Id.*) The ALJ concluded at step three that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, 416.926). (*Id.* 32.) At step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform the full range of "medium work." (*Id.*) At the last step, the ALJ found that plaintiff had no past relevant work but was able to

---

[1] Plaintiff was 59 years old on the date the application was filed and thus an individual of "advanced age" as that term is defined by the agency regulations. *See* 20 C.F.R. § 416.963. When he turned 60 years old, plaintiff became a person "closely approaching retirement age." *Id.*

perform work that exists in significant numbers in the national economy, such as the jobs of packager, hand (DOT 920.587-018), cleaner, industrial (DOT 381.687-018), and cleaner II (DOT 919.687-014). (*Id.* 35, 58.) The ALJ, therefore, found that plaintiff had not been under a disability since December 31, 2011. (*Id.* 35.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citation omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.

2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted).

## DISCUSSION

Plaintiff alleges a single error: the ALJ improperly evaluated plaintiff's subjective symptom testimony. (Joint Stip. at 4-7.) As explained below, the Court disagrees.

**I.     Plaintiff's Subjective Symptom Testimony**

At the hearing held on November 4, 2013, plaintiff testified about his physical and mental problems. (A.R. 50, 52-57.) Regarding his physical problems, plaintiff testified that his hearing was "kind of like fading a little," his left eye problem caused him to "see kind of blurry," he was "borderline diabetic," his knees had "been x-rayed," and he had pain in his left shoulder. (A.R. 50, 52-53.) He further testified that, due to his shoulder pain, he tried not to use his non-dominant left arm but could exercise with a ball or lift a gallon of water with his left arm and was not precluded from helping his sister clean up the yard and pick up rocks. (*Id.* 54-57.) Regarding his mental problems, plaintiff testified that he had no psychological problems that he knew of but felt stressed, nervous, and scared sometimes, although those feelings did not affect his ability to do things. (*Id.* 56-57.) Despite his alleged limitations, plaintiff, who had performed a janitorial job during his incarceration, testified that he had been holding himself out as available to work and actively seeking employment: "I've been putting, excuse me, applications in like in even IHOP and all the

4

new stores that have been open . . . but they just don't, don't call me, or, or hire me, or – you know, I don't know if it's my age or what." (*Id.* 49.)

Additionally, in plaintiff's 2012 function report, plaintiff stated that he: could lift 20 pounds and perform "a little housework" (A.R. 161, 164); went outside whenever he wanted (*id.* 161) and to church twice a week (*id.* 163); shopped weekly for food (*id.* 161); spent his days reading a little, preparing meals (sandwiches and frozen meals), watching TV, listening to the radio, and walking "to the corner and back a few times," (*id.* 159, 161, 163); and experienced pain dressing himself (*id.*160).

Finally, at a June 15, 2012 internal medicine consultative examination, plaintiff reported that he: takes the bus to go out; spends the day drinking coffee, reading magazines, listening to the radio, and sweeping the house; takes little walks; and goes to church, the store, and the doctor's office. (A.R. 34, 245.)

## II. Standard For Evaluating Plaintiff's Credibility

Before determining that a claimant's pain or symptom testimony is not credible, an ALJ must make two findings. *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Lingenfelter*, 504 F.3d at 1036). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide 'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Id.* (citation omitted); *see also Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015). The ALJ must "specifically identify the testimony [from the claimant that] she or he finds not to be credible

and . . . explain what evidence undermines the testimony." *Treichler*, 775 F.3d at 1102 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). "General findings are insufficient." *Brown-Hunter*, 806 F.3d at 493 (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

## III. Discussion

The ALJ determined that plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms and made no determination of malingering, but nevertheless concluded that plaintiff's "complaints of disabling symptoms and limitations" were not credible because: (1) they were inconsistent with daily activities, "which are not limited to the extent one would expect;" and (2) "the objective findings in this case fail to provide strong support for the claimant's allegations" of disability. (A.R. 33.)

On this record, the ALJ's reasons for finding plaintiff's complaints of disabling symptoms and limitations are clear, convincing, and supported by substantial evidence. First, Plaintiff identified no significant limitation on his daily activities resulting from his allegedly disabling impairments. Instead, he indicated that he could lift 20 pounds, could lift a gallon of water with his impaired arm, could perform yard work, lift rocks, perform house work on a regular basis, prepare meals, and leave the house and walk to the corner and back "a few times." In sum, there is no evidence that plaintiff's range of activities became more limited after his conditions began. Thus, the ALJ did not err in finding that plaintiff's allegations of disabling impairments were not credible because they were contradicted by plaintiff's daily activities. *See Orn*, 495 F.3d at 639; *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996); *see also Reddick*, 157 F.3d at 722 (a claimant's daily activities bear on his credibility when the level of activity is inconsistent with his claimed limitations).

The discrepancy between plaintiff's daily activities and his complaints of disabling limitations is a sufficient basis to support the ALJ's adverse credibility determination. However, the Court also notes that the ALJ did not err by supplementing this rationale with his additional finding that the objective findings did not support the existence of a disabling impairment. The ALJ noted that plaintiff's diabetes was well controlled with medication and diet in April 2009, and his blood sugar was normal in April 2012. (A.R. 33, 225, 245.) The ALJ pointed to the fact that plaintiff's hypertension was well controlled with medication in April 2009, there was no history of heart attack or stroke, and plaintiff had occasional dizziness, but without headache, angina pectoris or ankle swelling. (*Id.*) X-rays of plaintiff's knees were unremarkable. (*Id.* 32, 206-07.) Plaintiff was diagnosed with calcific tendonitis of the left shoulder in 2009.[2] (*Id.* 33, 225.) Plaintiff's left shoulder range of motion improved with physical therapy. (*Id.* 225.) An x-ray of the left shoulder taken in June 2012 showed osteoarthritis in the acromioclavicular joint, and degenerative changes in the greater tuberosity of the humerus. (*Id.* 33, 250.) At a June 15, 2012 internal consultative examination by Dr. Ella-Tamayo, musculoskeletal examination was normal except for left shoulder pain on abduction and forward flexion of 120/180 degrees. (*Id.* 248.) Sensory examination and deep tendon reflexes of the upper extremities were normal, and motor strength was 5/5 symmetrically. (*Id.*) Gait, reflexes, and strength were normal. (*Id.* 247-48.) Dr. Ella-Tamayo opined that plaintiff was restricted in pushing, pulling, lifting, and carrying to about 50 pounds occasionally, and 25 pounds frequently, mostly with the right arm; and plaintiff could stand and walk 6 hours out of an 8-hour workday with normal breaks. (*Id.* 34, 248.)

Plaintiff argues that the ALJ was not permitted to discredit his testimony solely on the basis of lack of supporting objective evidence. (Joint Stip. at 6.) *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("[S]ubjective pain testimony cannot be rejected on the

---

[2] A January 16, 2009 x-ray of the right shoulder showed calcific tendonitis, but follow-up was for calcific tendonitis of the left shoulder. (*Id.* 205, 209, 225.)

7

sole ground that it is not fully corroborated by objective medical evidence.") (citation omitted). Plaintiff is correct, but, as stated above, the ALJ did not rely on this reason alone.

Finally, the Court notes that any error the ALJ made in evaluating plaintiff's credibility is harmless because the record shows that plaintiff continued to apply for full-time employment after his alleged disability onset date and through the time of the hearing. As stated above, plaintiff testified at the hearing that he had applied at IHOP and continued to apply for positions at other stores but no one had offered him an interview or a job. Evidence that a claimant holds himself out as available to work during the alleged period of disability is a proper grounds for discounting his complaints of disabling impairments. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (a claimant's employment and seeking of work while allegedly disabled are proper grounds for discounting his testimony); *Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988) (affirming the ALJ's adverse credibility finding due, in part, to claimant's holding himself out as available to work).

For the foregoing reasons, the ALJ provided clear and convincing reasons supported by substantial evidence for discounting plaintiff's complaints of disabling symptoms and limitations and any error was harmless in light of the record as a whole.

**CONCLUSION**

For the reasons stated above, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error. Neither reversal of the ALJ's decision nor remand is warranted.

Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: April 15, 2016

  _____
  KAREN L. STEVENSON
  UNITED STATES MAGISTRATE JUDGE